FILED IN CLERK'S OFFICE
U.S.D.C. - Atlanta

JUL 13 2010

JAMES N. HATTEN, Clerk
By: [signature] Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| **DENNIS NOWIK,** : | |
| : | Civil Action No. **-GET** |
| **Plaintiff,** : | **1 10-CV-2156** |
| vs. : | |
| **NCO FINANCIAL SYSTEMS** : | **DEMAND FOR JURY** |
| **INC. and EQUIFAX INFORMATION** : | **TRIAL** |
| **SERVICES LLC,** : | |
| **Defendants.** | |

### COMPLAINT

This action arises out of the efforts of NCO Financial to collect certain charges pertaining to medical services at Tenet North Fulton Regional Hospital (hereinafter Tenet) rendered in November, 2006. On or about December 26, 2006, a bill was sent to Mr. Nowik indicating that he had a $730.00 balance due after adjustments; insurance and what he had previously paid were credited from the original total amount charged. Mr. Nowik promptly contacted Tenet's accounting department and made arrangements to pay off this balance in installments. This balance was paid in full over several installments with the last payment being

mailed on or about September 23, 2007. At no point in time did Mr. Nowik have any contact with any outside collection agency, specifically NCO Financial Systems, Inc. (hereinafter NCO Financial). All payments were made to Tenet. In February 2009, Mr. Nowik applied for credit to purchase an automobile. He was denied credit based on the erroneous information placed on his credit report by the Defendants.

Mr. Nowik asserts claims against these defendants under the Fair Debt Collection Practices Act, 15 U.S.C. §1692 et seq.; the Fair Credit Reporting Act, 15 U.S.C. §1681 et seq.; and the Georgia Fair Business Practices Act (FBPA), O.G.C.A. §10-1-390 et seq. He seeks seek actual, statutory and punitive damages and his costs and attorney's fees in this action.

## Jurisdiction and Venue

1. This Court has jurisdiction to hear the plaintiffs claims under the Fair Debt Collection Practices Act (FDCPA) under 15 U.S.C. §1692k (d) and under 28 U.S.C. §1331.

2. This Court has jurisdiction to hear the plaintiff's claims under the Fair Credit Reporting Act (FCRA) under 15 U.S.C. §1681P and 28 U.S.C. §1331.

3. This Court has supplemental jurisdiction to hear the plaintiff's claims under the Georgia Fair Business Practices Act under 28 U.S.C. §1367(a).

4. Venue is proper in the Northern District of Georgia because one or more of the defendants reside and do business in this district and because "a substantial part of the events or omissions giving rise to the claim occurred" in this district. 28 U.S.C. §1391(b) and (c).

## Parties

5. The plaintiff, Dennis Nowik, is an adult resident of Cumming (Forsyth County), Georgia.

6. Defendant NCO Financial is a Pennsylvania corporation with its principal offices located in Metairie, Louisiana. Among other things, NCO Financial is engaged in the business of buying and selling delinquent debts.

7. Defendant Equifax Information Services LLC (hereinafter Equifax) is a Georgia Limited Liability Corporation with its principal place of business located in Atlanta, Georgia. Equifax collects and markets personal credit information about individuals. Along with Experian and Trans Union, it is one of the three major credit reporting agencies operating in the United States.

## Statement of Facts

8. In December, 2007 Mr. Nowik had an outpatient medical procedure performed at Tent North Fulton Regional Hospital.

9. On or about December 26, 2007, Mr. Nowik received a statement from Tenet indicating a balance due of $730.00.

10. Mr. Nowik promptly contacted Tenet's business department and made arrangements to pay off the balance due.

11. Mr. Nowik made his last payment to Tenet on or about September 27, 2007 paying off the entire balance due.

12. Mr. Nowik never received any communication from NCO Financial regarding the balance due Tenet

13. Defendant NCO Financial submitted information to Equifax to the effect that the balance owed Tenet was delinquent. As a result, this information appeared on the credit report issued by Equifax.

14. Mr. Nowik learned of this negative credit information when he applied for credit and was denied.

15. When Mr. Nowik learned of this information on his credit report, he submitted a written dispute to Equifax asking that they delete the inaccurate information.

16. On information and belief, when Equifax received Mr. Nowik's dispute, they notified NCO Financial regarding his complaint.

17. On information and belief, NCO Financial failed to forward to Equifax all relevant information they had relating to this dispute.

18. On information and belief, NCO Financial failed to conduct a reasonable investigation of Ms. Nowik's dispute.

19. On information and belief, Equifax failed to conduct a reasonable investigation of Mr. Nowik's disputes.

20. On information and belief, in response to Mr. Nowik's disputes, NCO Financial advised Equifax that Mr. Nowik did in fact owe a delinquent debt to Tenet.

22 As a result of the events described above, the information showing that Mr. Nowik owed a delinquent debt to Tenet remained on his credit report with Equifax.

23. Equifax forwarded this inaccurate information to a number of entities and persons who purchased credit information about Mr. Nowik from them.

24. The information provided by Equifax to their subscribers to the effect that Mr. Nowik owed a delinquent debt to Tenet was not accurate. Mr. Nowik did not owe a delinquent debt.

25. As a result of the actions described above, Mr. Nowik was denied credit to purchase an automobile and suffered emotional distress, frustration, anger, stress, humiliation and feelings of helplessness over a period of many months.

### First Cause of Action:

### Violations of the FDCPA by NCO Financial

All of the allegations of fact set forth above are incorporated into this First Cause of Action as if fully set forth herein.

26. With regard to the collection of the amounts claimed to be due on the Tenet account, as described in this Complaint, plaintiff Dennis Nowik was a "consumer" within the meaning of the Fair Debt Collection Practices Act (FDCPA). 15 U.S.C. §1692a(3).

27. In its actions to collect this debt from Mr. Nowik, as described above, defendant NCO Financial was a "debt collector" within the meaning of the FDCPA. 15 U.S.C. §1692a(6).

28. In its efforts to collect money claimed to be due from Mr. Nowik based on the conduct of NCO Financial, as described in this Complaint, NCO Financial violated the provisions of the Fair Debt Collection Practices Act in numerous ways, including the following:

(a) failure to provide the information required by §1692g(a) within 5 days of the debt collector's initial communication with the consumer, in violation of that section;

(b) placing telephone calls the natural consequence of which is to harass, oppress or abuse any person, in violation of §1692d;

(c) making false, deceptive or misleading representations in connection with the collection of a debt, in violation of §1692e.

(d) failure to report to a credit reporting agency that a debt was disputed, in violation of §1692e(8);

(e) misrepresenting the amount owed, in violation of §§1692e(2)(A), 1692e(10) and 1692f;

(f) misrepresenting the legal status of a debt, including making a claim that a debt was owed when it was not in fact owed, in violation of §1692e(2)(a) and §1692e(10);

(g) threatening to collect and attempting to collect any amount which is not expressly authorized by the agreement creating the debt or permitted by law, in violation of §1692f(1).

It is possible that NCO Financial committed other acts in violation of the FDCPA, and the plaintiff reserves the right to add other violations to this list as additional information becomes available during the course of discovery in this action.

29. The actions of NCO Financial, as described in this Complaint, as described in this Complaint, caused Mr. Nowik to be denied credit as described above, and caused him to suffer significant emotional distress, anger, shame, sleeplessness, frustration, fear and humiliation.

WHEREFORE, the plaintiff, Dennis Nowik, by counsel, hereby asks this Court to grant him the following relief under his First Cause of Action:

(a) judgment in favor of Mr. Nowik and against defendant NCO Financial for his actual damages suffered as a result of the defendant's actions,

15 U.S.C. §1692k(a)(1);

(b) judgment in favor of Mr. Nowik and against defendant NCO Financial in the amount of $1,000 in statutory damages, 15 U.S.C. §1692k(a)(2)(A);

(c) an award of his costs and attorney's fees in this action, 15 U.S.C. §1692k(a)(3); and

(d) such other and further relief as to this Court shall seem just and proper.

## Second Cause of Action:

## The Georgia Fair Business Practices Act

All of the allegations of fact set forth above are incorporated into this Second Cause of Action as if fully set forth herein. The Second Cause of Action is asserted against defendant NCO Financial

30. The violations of the FDCPA set forth above are also violations of the Georgia Fair Business Practices Act (FBPA), O.C.G.A. §10-1-390 et seq. 1st Nationwide Collection Agency, Inc. v. Warner, 288 Ga. App. 457, 460, 654 S.E.2d 428, 431 (2007).

31. The defendants' violations of the FDCPA and the FBPA were knowing and intentional. In the alternative, the defendants' violations of those acts were committed with reckless and wanton disregard for the plaintiffs' rights.

32. The actions of the defendants, as described in this Complaint, caused

Mr. Nowik to be denied lawsuit and in addition caused him to suffer significant emotional distress, anger, shame, sleeplessness, frustration, fear and humiliation.

WHEREFORE, the plaintiff, Dennis Nowik, by counsel, hereby asks this Court to grant him the following relief under his Second Cause of Action:

(a) judgment in favor of Mr. Nowik and against NCO Financial LLC, for his actual and general damages suffered as a result of the defendants' actions, O.C.G.A. 10-1-399(a).

(b) judgment in favor of Mr. Nowik and against this defendant for such exemplary damages as to the Court shall deem proper and appropriate, O.C.G.A. §10-1-399(a);

(c) judgment in favor of Mr. Nowik and against this defendant for three times Mr. Nowik's actual damages, O.C.G.A. §10-1-399(c);

(d) an award of Mr. Nowik's costs and attorney's fees in this action, O.C.G.A. §10-1-399(d); and

(e) such other and further relief as to this Court shall seem just and proper.

### Third Cause of Action:

### Violation of the Fair Credit Reporting Act by NCO Financial

All of the allegations of fact set forth above are incorporated into this Sixth Cause of Action as if fully set forth herein.

33. With regard to the Tenet debt described in this Complaint, plaintiff Dennis Nowik was a "consumer" as that term is defined by the Fair Credit Reporting Act (FCRA), 15 U.S.C. §1681a(c).

34. With regard to the events described in this Complaint, defendant Equifax Information Systems, Inc. was a "credit reporting agency "under the provisions of the FCRA. 15U.S.C.§1681a(f),

35. With regard to the events described in this Complaint, defendant NCO Financial was a "furnisher" of information as that term is used in the FCRA. See 15 U.S.C. §1692s-2.

36. After having been advised by Equifax that Mr. Nowik disputed the incorrect information provided by NCO Financial to them about his alleged debt to Tenet, NCO Finacial failed to conduct a reasonable investigation to determine whether Mr. Nowik actually owed that debt or not. 15 U.S.C. §1681s-2(b).

37. As a result of its failure to conduct a reasonable investigation of these disputes, NCO Financial reported incorrectly to Equifax that Mr. Nowik owed a delinquent debt to Tenet.

38. NCO Financial's actions in violation of the FCRA, as described above, were willful.

39. In the alternative, NCO Financial's actions in violation of the FCRA, as described above, were negligent.

40. The failure of NCO Financial to conduct an appropriate investigation Of Mr. Nowik's disputes of the Tenet debt damaged Mr. Nowik's credit record and made it more difficult for him to obtain credit when needed. NCO Financial's failure to correct Mr. Nowik's credit record despite his repeated attempts to get it to do so have also caused him to experience emotional distress, anger, anxiety, frustration and a sense of helplessness over a period of many months.

WHEREFORE, the plaintiff, Dennis Nowik, by counsel, asks this Court for the entry of judgment against NCO Financial for having willfully violated the provisions of the FCRA, in an amount sufficient to compensate him for his actual damages suffered as a result of those violations or $1,000, whichever is greater; for such additional punitive damages as may be determined proper and appropriate by this Court; and for his costs and attorney's fees in this action. 15 U.S.C. §1681n.

In the alternative, the plaintiff, Dennis Nowik, by counsel, asks this Court for the entry of judgment against NCO Financial for having negligently violated the provisions of the FCRA, in an amount sufficient to compensate him for his actual damages suffered as a result of those violations and his costs and attorney's fees in this action. 15 U.S.C. §168ln.

## Fourth Cause of Action:

## Violation of the Fair Credit Reporting Act by Equifax

All of the allegations of fact set forth above are incorporated into this Fourth Cause of Action as if fully set forth herein.

41. With regard to the Tenet debt described in this Complaint, plaintiff Dennis Nowik was a "consumer" as that term is defined by the Fair Credit Reporting Act (FCRA), 15 U.S.C. §1681a(c).

42. With regard to the events described in this Complaint, defendant Equifax Information Services LLC was a "credit reporting agency" as that term is defined by the FCRA. 15 U.S.C. §1681a(f).

43. In its actions as described in this Complaint, Equifax failed to "follow reasonable procedures to assure maximum possible accuracy of the information" it disseminated concerning Mr. Nowik, in violation of the FCRA. 15 U.S.C. §1681e(b).

44. In its actions as described in this Complaint, Equifax failed to conduct reasonable investigations of the disputes submitted to it by Mr. Nowik regarding the claimed Tenet debt, in violation of the FCRA. 15 U.S.C. §1681i.

45. Equifax failed to provide NCO Financial with all relevant information relating to Mr. Nowik's disputes so that NCO Financial could conduct a proper investigation, in violation of the FCRA. 15 U.S.C. §1681i(a)(2).

46. Equifax's actions in violation of the FCRA as described above were willful.

47. In the alternative, Equifax's actions in violation of the FCRA as described above were negligent.

48. Mr. Nowik suffered actual damages as a result of Equifax's actions in violation of the FCRA, in that those actions damaged Mr. Nowik's credit record and made it more difficult for him to obtain credit when needed. In addition, Equifax's failure to correct its records despite Mr. Nowik's repeated attempts to get it to do so have caused him to experience emotional distress, anger, anxiety, frustration and a sense of helplessness over a period of many months.

WHEREFORE, the plaintiff, Dennis Nowik, by counsel, asks this Court for the entry of judgment against Equifax for having willfully violated provisions of the FCRA in an amount sufficient to compensate him for his actual damages suffered as a result of those violations or $1,000, whichever is greater; for such additional punitive damages as may be determined proper and appropriate by this Court; and for his costs and attorney's fees in this action. 15 U.S.C. §1681n.

In the alternative, the plaintiff asks this Court for the entry of judgment against Equifax for having negligently violated the provisions of the FCRA in an amount sufficient to compensate him for his actual damages suffered as a result of those violations and his costs and attorney's fees in this action. 15 U.S.C. §1681o.

## Jury Trial Demanded

In accordance with Rule 38 of the Federal Rules of Civil Procedure, the Plaintiff hereby demands a jury trial of the issues in this action.

## Prayer for Relief

WHEREFORE, the plaintiff, Dennis Nowik, by counsel, hereby asks this Court to grant him the relief stated at the conclusion of each of his Causes of Action, set forth above. In addition, the plaintiff asks this Court to grant him such other and further relief as to this Court shall seem just and proper.

Respectfully submitted

_____
John D. Stone
Attorney for Plaintiff

State Bar of Georgia #684337
The Law Office of John D. Stone, LLC
4046 Wetherburn Way, Suite 6
Norcross, GA 30092
(770) 662-0760
(770) 447-0717 (fax)
e-mail: jdstone@johndstonellc.com

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
GAINESVILLE DIVISION

| | | |
|---|---|---|
| **DENNIS NOWIK,** | : | |
| | : | **Civil Action No.** |
| Plaintiff, | : | |
| vs. | : | |
| **NCO FINANCIAL SYSTEMS** | : | **DEMAND FOR JURY** |
| **INC. and EQUIFAX INFORMATION** | : | **TRIAL** |
| **SERVICES LLC,** | : | |
| **Defendants.** | | |

## Certificate of Counsel

Pursuant to Local Rule 7.1, N.D.GA., the below signatory attorney certified that this pleading was prepared with Times New Roman (14 Point), one of the fonts and point selections approved by the Court in local Rule 5.1 C, N.D.Ga.

_____
John D. Stone
Ga. Bar No. 684337
Attorney for Plaintiff